IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KYLEN MAJOR,<br><br>  Plaintiff,<br><br>v.<br><br>ANTHONY D. WILLS, AMANDA CHOATE, EDWARD STALLMAN, JOHN DOE MEDICAL ADMINISTRATION, JOHN DOE SERGEANT, JOHN DOE SANITATION OFFICERS, JANE OR JOHN DOES MENTAL HEALTH, and JANE OR JOHN DOES NURSES,<br><br>  Defendants. | Case No. 25-cv-55-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

  Plaintiff Kylen Major, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Major's original Complaint was dismissed for failure to state a claim, but he was granted leave to file an amended pleading (Docs. 1, 14). In the Amended Complaint, Major alleges that officers used excessive force in violation of the Eighth Amendment (Doc. 15). He also alleges that prison staff were deliberately indifferent to his medical needs as well as his conditions of confinement, also in violation of the Eighth Amendment.

  This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to

screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### The Amended Complaint

On August 11, 2024, Major returned to Menard from an emergency medical writ (Doc. 15, p. 11). Unfortunately, Major fails to provide any factual allegations in his statement of claim about his medical condition or the care he received while on the medical writ (*Id.*). But in an attached letter to Warden Anthony Wills, Major notes that he was sent on a medical furlough to have blood drained from his penis (*Id.* at p. 16). Upon his return, the healthcare unit sent him back to his housing unit. Back in his unit, Major alleges that he started feeling ill (*Id.* at p. 11). Again, Major fails to allege the symptoms he experienced or the state of his condition. But his letter to Warden Wills states that he started to feel sick, lightheaded, and nauseous (*Id.* at p. 16). He contacted Correctional Officer Edward Stallman about his symptoms, but Stallman denied him care. Major also asked an inmate worker to inform John Doe Sergeant, but Major still did not receive care (*Id.* at p. 11). Later, Stallman and Nurse Amanda Choate entered the housing unit and approached Major's cell. He explained his condition to them, but Choate told him that he was not a doctor and did not know what he was talking about. Major began responding to Choate, when Stallman sprayed him in the face with pepper spray. Stallman sprayed him in the face a second time and then sprayed the entire cell (*Id.*).

While Major tried to clean the pepper spray off, officers came to his cell and directed him to cuff up (Doc. 15, pp. 6-7). John Doe Sergeant cuffed Major and then banged his head into the bars before pulling him out of the cell (*Id*. at p. 7). He was escorted downstairs and placed in "the cage" before John Doe Sergeant and Edward Stallman searched him (*Id*.). After searching Major, the officers elbowed and punched him in the ribs and back and then sprayed his face with mace (*Id*.).

Major was then taken to the healthcare unit where John Doe Doctor, John Doe Nurse, and John Doe Lieutenant tended to him (Doc. 15, p. 7). The doctor looked at him and said everything was in order, the nurse wiped his face, and the lieutenant then escorted him to segregation (*Id*.). In segregation, he spoke to mental health staff and told them he wanted to be placed on crisis watch because he was homicidal (*Id*. at p. 8). He was placed in a crisis watch cell that was dirty with food on the floor, mace in the cell, and blood and feces throughout (*Id*.). His face remained coated in pepper spray. That night he received a disciplinary ticket for an attempted staff assault (*Id*.).

Days later, Major attended a disciplinary hearing and received 45 days in segregation (Doc. 15, p. 8). For a week after being placed in segregation, he tried to talk to correctional officers and mental health about his need for crisis care, but they denied his request for care. On August 23, 2024, a correctional officer told Major he should hang himself. Major then attempted to hang himself, which resulted in staff again spraying him with pepper spray (*Id*.). Instead of placing him back in his crisis watch cell, officers moved Major to North 2 and placed him in a cell that had not been cleaned. Major alleges the cell was covered in feces, blood, old food, toilet water, hair, milk and juice cartons,

and bugs (*Id*.). The mattress was ripped, and the toilet was filled (*Id*.). The water was turned off to his toilet and sink (*Id*.). He remained in the cell for eight days (*Id*.). He talked to several nurses, but they just told him to submit a sick call slip. He lacked pen and paper to submit a request (*Id*. at p. 9). He also spoke to mental health staff, but no one would provide him with medical care (*Id*.).

Major alleges that Edward Stallman and John Doe Sergeant used excessive force on him with their use of pepper spray (Doc. 15, p. 9). He further alleges that Amanda Choate and an unknown medical director were deliberately indifferent to his serious medical needs when they sent him back to his prison cell after returning from his medical writ (*Id*.). Major alleges that Anthony Wills and John Doe Sanitation Worker failed to clean the multiple cells that he was placed in, exposing him to possible infection (*Id*. at pp. 9-10). Major notes that at some point he developed a skin infection and still has a rash (*Id*. at p. 10). Major also alleges that he wrote Anthony Wills a letter about his facility and the way the officers treated him, but Wills failed to investigate his claims (*Id*.).

## Preliminary Dismissals

Major identifies numerous nurses and mental health staff that he alleges he sought medical care from while in segregation. But he only refers to nurses and staff in general, noting that he spoke to every nurse and every mental health professional (Doc. 15, p. 9). Although Major may certainly proceed against identified John/Jane Does (*i.e.*, John Doe #1, John Doe #2, Jane Doe #1, *etc*.), he only references nurses and mental health professionals (Doc. 15, p. 3). These claims are too generic to survive threshold review

4

because he does not describe the individuals involved or even state the number of medical staff members that he spoke to about his condition.

Major also identifies a number of individuals as defendants in his statement of claim that he fails to identify as defendants in the case caption. He refers to a John Doe Doctor, John Doe Nurse, and John Doe Lieutenant whom he saw after being sprayed with pepper spray. But he fails to identify those individuals as defendants. *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption"). Thus, any claim against them will be dismissed.

## Discussion

Based on the allegations in the Amended Complaint, the Court designates the following counts:

**Count 1:** Eighth Amendment excessive force claim against Edward Stallman and John Doe Sergeant for their use of force against Major on August 11, 2024.

**Count 2:** Eighth Amendment deliberate indifference to medical needs claim against Edward Stallman, John Doe Sergeant, and Amanda Choate for denying Major care on April 11, 2024.

**Count 3:** Eighth Amendment conditions of confinement claim against Anthony Wills and John Doe Sanitation Worker for the conditions of Major's cells in crisis watch and segregation.

**Count 4:** Eighth Amendment deliberate indifference to medical needs claim against Amanda Choate and John Doe Medical Director for failing to keep him in the healthcare unit after returning from his medical writ.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Major states a viable claim for excessive force against Edward Stallman and John Doe Sergeant. *See Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) ("The core requirement for [an excessive force claim] is that [Defendant] used force not 'in a good-faith effort to maintain or restore discipline,' but 'maliciously and sadistically to cause harm.'"). He alleges that Stallman used pepper spray on him multiple times, and he alleges that John Doe Sergeant ran Major's head into the cell bars. He also alleges that both defendants then beat him and sprayed him again with pepper spray. Thus, Count 1 shall proceed against Stallman and John Doe Sergeant.

Major also states a viable claim in Count 2 against Stallman, John Doe Sergeant, and Amanda Choate. He alleges that he asked all three staff members for medical care after feeling lightheaded and nauseous and they refused him care.

But Major fails to state a claim regarding his conditions of confinement. To establish a conditions of confinement claim, an inmate must establish (1) "a deprivation that is, from an objective standpoint, sufficiently serious that it results in the denial of the

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

minimal civilized measure of life's necessities, and (2) where prison officials are deliberately indifferent to this state of affairs." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (*citing Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Major describes the dirty conditions of his cells, which were often covered in blood and feces and lacked running water. But he fails to allege that the defendants acted with deliberate indifference to those conditions. In fact, he fails to allege that either official was aware of the conditions in Major's cell. There is no indication in the pleading that Major talked to the John Doe Sanitation Officer or that the officer was otherwise aware of the state of Major's cells. He merely alleges that the offer failed to clean the cells (Doc. 15, p. 9).

Major alleges that he wrote Wills about the events he experienced, including the conditions of his cell. He attaches a letter to Wills, dated September 30, 2024.[2] But based on the allegations in the letter, it appears that Major was not in the cells at issue in this case at the time he submitted his letter to Wills (Doc. 15, pp. 16-18). There are simply no allegations suggesting that Wills was aware of the conditions that Major experienced and acted with deliberate indifference. Thus, Major fails to state a claim in Count 3. Anthony Wills will remain in the case, in his official capacity only, however, for the purpose of responding to discovery aimed at identifying the John Doe Sergeant.

---

[2] Although the letter is dated September 30, 2024, the letter appears to have been drafted after that date. Major includes events which occurred well after the date in the letter; he notes that when he came off of watch he remained in the crisis watch cell until October 11, 2024, when he was moved to North 2 (Doc. 15, p. 18).

7

Major also fails to state a claim in Count 4 against Amanda Choate and John Doe Medical Director. Major alleges that both Choate and the medical director were aware of his condition but allowed him to be sent back to his cell instead of remaining in the healthcare unit. But Major fails to offer any facts about his condition upon return to the prison from his medical writ or his interactions with Choate and the medical director upon his return. He also does not allege that Choate and/or the medical director ordered his return to his cell or were personally involved in that decision. Even if the defendants were involved in the decision to send Major back to his cell, deliberate indifference is more than negligence. *Giles v Godinez*, 914 F.3d 1040, 1049 (7th Cir. 2019). Based on the limited facts regarding Major's condition at the time of his return from a medical writ, it appears the decision to send him back to his cell amounts to, at most, negligence. Thus, his claim in Count 4 also will be dismissed.

## Disposition

For the reasons stated above, Count 1 shall proceed against Edward Stallman and John Doe Sergeant. Count 2 shall proceed against Edward Stallman, John Doe Sergeant, and Amanda Choate. All other claims and defendants are **DISMISSED without prejudice**. Anthony Wills will remain in the case, in his official capacity only, to identify the John Doe Sergeant.

The Clerk of Court shall prepare for Edward Stallman, Amanda Choate, and Anthony Wills (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this

8

Memorandum and Order to each defendant's place of employment as identified by Major. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Major, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Because Major's claims involve his medical care, the Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA Qualified Protective Order.

If judgment is rendered against Major, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Major is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 9, 2025**

*[signature]*

_____

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**